**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.

AGILE COURTS CONSTRUCTION COMPANY, INC.,

     Plaintiff,

vs.

AGILE COURTS LLC DBA BREAKPOINT COURTS,
DAVID BAUER, JENNIFER JONES, and
SCOTT JONES.

     Defendants.

_____/

**VERIFIED COMPLAINT**

Plaintiff Agile Courts Construction Company, Inc. ("Plaintiff") sues Agile Courts LLC DBA Breakpoint Courts ("Defendant Breakpoint"), David Bauer ("Defendant David"), Jennifer Jones ("Defendant Jennifer), and Scott Jones ("Defendant Scott") (collectively, "Defendants"), and makes the following allegations:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a corporation formed under the laws of Florida with a principal office located in the city of Miami in Miami-Dade County, Florida.

2. Defendant Breakpoint is a limited liability company organized under the laws of Florida with a principal office located in the city of Cutler Bay in Miami-Dade County, Florida.

3. Defendant Breakpoint conducts business in Florida including selling, offering, rendering construction services bearing the marks at issue in this proceeding in Miami-Dade County, Florida.

4.      Defendant Scott is an individual domiciled in Florida and conducts business in Florida including selling, offering, rendering products and services bearing the marks at issue in this proceeding in Miami-Dade County, Florida.

5.      Pursuant to the public records of the Florida Department State, Defendant Scott is the Registered Agent and manager of Defendant Breakpoint.

6.      Defendant Jennifer is an individual domiciled in Florida and conducts business in Florida including selling, offering, rendering products and services bearing the marks at issue in this proceeding in Miami-Dade County, Florida.

7.      Defendant David is an individual domiciled in Florida and conducts business in Florida including selling, offering, rendering products and services bearing the marks at issue in this proceeding in Miami-Dade County, Florida.

8.      Defendants Scott, Jennifer, and David are moving, conscious, and active forces behind Defendant Breakpoint including actively participating in and directing its infringing activity.

9.      This is an action for false designation of origin under 15 U.S.C. § 1125(a)(1)(A), false advertising under 15 U.S.C. § 1125(a)(1)(B), and the supplemental state causes of action of Florida common law trademark infringement, Florida common law unfair competition, and violation of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201-501-2101), and defamation.

10.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and under the doctrine of supplemental jurisdiction over state claims arising from a common nucleus of operative facts.

11.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and §1400(b) because Defendants reside, do business in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### Plaintiff's Marks

12.     Plaintiff is a family owned and operated business formed in 1974 by brothers Bruce and Brian Bauer and since then has been building professional quality courts in the United States, the Caribbean, and South America.

13.     Presently, Plaintiff is owned 50% by Bruce Bauer, 10% by Nicholas Bauer, 20% by Defendant David, and 20% by Defendant Jennifer.

14.     Plaintiff has continuously used in Florida and in commerce in the United States the mark AGILE COURTS for construction services, namely, planning, maintenance, repair, renovation, resurfacing, installation, and construction of sport courts, sport grounds, and recreational surfaces since at least as early as December 1974 as well as its slogan "Quality still exists" and design marks, as depicted below, for the same services since at least as early as December 1974 (collectively, "Plaintiff's Marks"). *See* Exhibit 1, representative selection of Plaintiff's invoices.

  

15.     As a result of its widespread, continuous, and exclusive use of the Plaintiff's Marks to identify its above-identified construction services and Plaintiff as their source, Plaintiff owns valid and subsisting common law rights to Plaintiff's Marks.

16.     Plaintiff also renders its services under Plaintiff's Marks internationally, offering a complete line of installation and maintenance products including temporary and portable courts. *See* Exhibit 2, depicting Plaintiff's temporary court shipped from the United States and installed in Barbados, West Indies for a two-day exhibition match featuring Serena Williams.

17.     Using Plaintiff's Marks, Plaintiff has constructed over 6,000 courts worldwide.

18.     Plaintiff's projects range from hotels, resorts, condominiums and clubs to public facilities and private residences.

19.     Notable examples of construction projects under Plaintiff's Marks include: the Tennis Center at Crandon Park (former home of the Sony Ericsson Open), the Biltmore Tennis Center in Coral Gables, Port of Miami tennis courts, and Ritz-Carlton Grand Palazzo courts in Puerto Rico and U.S. Virgin Islands.

20.     Since at least the early 2000s, Plaintiff has actively promoted its services under Plaintiff's Marks through its websites <www.agilecourts.com> and <www.agilecourts.net>. *See* Exhibit 3, cached screenshots of Plaintiff site from 2001 from Archive.org; and Exhibit 4, corresponding to recent screenshots of Plaintiff's current websites.

21.     Plaintiff has also actively promoted its services under Plaintiff's Marks through the Yellow Pages, Facebook, and Instagram.

22.     Plaintiff expends approximately $10,000.00 annually on advertising and promotion of Plaintiff's Marks.

23.     Plaintiff estimates its annual sales for services rendered under Plaintiff's Marks to be approximately $2,500,000.00

24.     Since 1974, Plaintiff and its predecessors have expended substantial time, money, and resources continuously marketing, advertising, and promoting its services bearing

Plaintiff's Marks—thus developing valuable goodwill and consumer recognition for Plaintiff's Marks.

25.     Plaintiff's sport courts have earned many accolades and several awards over the years such as: the United States Tennis Association's Facility Award for "Outstanding Tennis Facility" for the construction of the Biltmore Tennis Center in Coral Gables; *Tennis Industry* Magazine's "Court of the Year Award" for tennis courts in St. Maarten; and *Tennis* Magazine's "Number 1 Tennis Destination in the Caribbean" for tennis courts in Negril, Jamaica.

26.     Plaintiff's Marks have become well known in the sport court industry and with potential and current customers.

27.     Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

28.     Plaintiff has ensured for decades that the construction services offered under Plaintiff's Marks are rendered to the highest quality standards.

29.     Plaintiff works closely with its architects and engineers, offers its clients a complete design, consultation, and construction experience, from below ground drainage to applying the finishing touches. Plaintiff carefully plans every phase of each project and every one of its courts is engineered to meet its clients' needs, location, climate, and preferences and is guaranteed to be of superior design and quality.

30.     Plaintiff has been a member of the American Sports Builders Associates (ASBA) since 1975 and has certified builders on staff.

31.     On March 8, 2021, Plaintiff submitted a federal trademark application (Serial No. 90566231) for the AGILE COURTS word mark to the U.S. Patent and Trademark Office.

32.     On March 10, 2021, Plaintiff submitted a federal trademark application (Serial No. 90571379) for the AGILE COURTS design mark to the U.S. Patent and Trademark Office.

***Defendants' Improper Conduct***

33.     Defendant Breakpoint was organized in Florida on November 16, 2020, by Defendant Scott.

34.     As described in Defendant Breakpoint's website, Defendant Breakpoint is a family business owned and operated by Defendants David Bauer, Jennifer Jones, and Scott Jones. *See* Exhibit 5, screenshot of Defendants' website.

35.     Defendant David is presently a 20% shareholder of Plaintiff and is the son of one of Plaintiff's founders, the late Brian Bauer.

36.     Defendant Jennifer is presently a 20% shareholder of Plaintiff and is the daughter of one of Plaintiff's founders, the late Brian Bauer.

37.     Defendant Scott is the husband of Defendant Jennifer.

38.     On or about October 30, 2020, Defendants David Bauer and Jennifer Jones and were terminated as employees and officers of Plaintiff.

39.     Without Plaintiff's authorization and beginning long after Plaintiff acquired protectable, exclusive rights in Plaintiff's Marks, Defendants adopted and began using the marks and trade names AGILE COURTS, AGILE TENNIS COURTS, AGILE COURTS CONSTRUTION COMPANY, and the design mark depicted below for construction services, namely, planning, maintenance, repair, renovation, resurfacing, installation, and construction of sport courts, sport grounds, and recreational surfaces (collectively, the "Infringing Marks").



40.     Defendants are promoting their construction services under the Infringing Marks through their websites <www.agilecourtsllc.com> and <www.breakpointcourt.com> as well as social media such as Facebook <facebook.com/ScottJones.net>. *See* Exhibit 6, screenshots of said sites displaying the Infringing Marks.

41.     Defendants, in their website <www.agilecourtsllc.com>, promote their own construction services using Plaintiff's slogan "Quality still exists" such as their post dated April 25, 2021 which states, "We here at Agile go the extra mile in order to give you the perfect court. 'Quality Still Exists' #agilecourts." *Id.*

42.     Defendants, in their Facebook page <facebook.com/ScottJones.net> and LinkedIn, use Plaintiff's design mark and slogan "Quality still exists" to promote their sport court construction services. *See* Exhibit 7, screenshots from Facebook; and Exhibit 8, screenshots from LinkedIn.

43.     Defendants, in their website <www.agilecourtsllc.com>, represent that they are the "Agile Courts" founded by the Bauer brothers in the 1970s: "It was 1972 when the Bauer brothers decided he wanted to build tennis courts of the highest quality…. Today, Agile Courts has that reputation, and is known as the number one licensed and insured tennis construction expert in South Florida and the Caribbean." *See* Exhibit 5, screenshot of Defendants' site.

44.     Defendants, in their website <www.agilecourtsllc.com>, represent that they are "known for their commitment to serving our clients and for the more than 6,500 of the finest

7

courts we've proudly build in South Florida and the Caribbean." *See* Exhibit 5, screenshot of Defendants' site.

45.     Defendants' representations they are the "Agile Courts" founded by the Bauer brothers and have built more than 6,500 courts are false because Plaintiff was the "Agile Courts" company founded by Bauer brothers and Plaintiff was the entity that constructed the over 6,500 courts that Defendants credit themselves with.

46.     Defendants David Bauer, Jennifer Jones, and Scott Jones all actively participated in the above-referenced infringing activity, including deciding to adopt the Infringing Marks, participating in and/or directing the marketing and rendering of construction services bearing the Infringing Marks, and instructing employees to render construction services under the Infringing Marks.

47.     On March 24, 2021, Defendant Scott sent an email—with the company name Agile Courts LLC and slogan "Quality Still Exists" in the signature—to potential and/or current customers referring to Bruce Bauer (president and shareholder of Plaintiff) as "being the thief we all know he is" and accusing him of establishing "a new venture that he misleads as the same company that you all know as Agile Courts," "stealing jobs and redirecting funds," having a "a tantrum and terminated his brother's family," and of "just getting by on company reputation." *See* Exhibit 9, corresponding to the email.

48.     On April 20, 2021, Defendant Scott submitted a trademark application (Serial No. 90657454) for the mark AGILE COURTS CONSTRUCTION COMPANY for building construction, remodeling, and repair; construction of athletic facilities, namely, tennis courts, basketball courts, pickle ball courts and track and field in International Class 037 with the United States Patent and Trademark Office.

49.     Defendant Scott submitted a copy of Plaintiff's design mark (U.S. Serial No. 90571379) as a specimen to its AGILE COURTS CONSTRUTION COMPANY trademark application (Serial No. 90657454). *See* Exhibit 10, corresponding to the application and specimen of use.

50.     Defendants do not have authorization from Plaintiff to use Plaintiff's Marks or the Infringing Marks.

51.     Plaintiff and Defendants are using marks where the dominant portion are the words AGILE COURTS.

52.     Defendants are using marks identical and confusingly similar to Plaintiff's Marks, for the same or related construction services relating to sport courts, sports grounds, athletic facilities, and recreational surfaces, which creates a likelihood of confusion.

53.     On April 30, 2021, Plaintiff sent Defendant Breakpoint a cease-and-desist letter demanding it cease use of Plaintiff's Marks and confusingly similar marks. Defendant Breakpoint's counsel Jeffrey C. Roth of the law firm Roth & Scholl acknowledged receipt of the letter.

54.     Defendants refused to cease their use of the Infringing Marks and continue to use the Infringing Marks as of the date of this Complaint.

55.     Plaintiff has been, and will continue to be, damaged by the acts of Defendants.

56.     Moreover, the goodwill of Plaintiff has been damaged and will continue to be irreparably damaged unless enjoined.

57.     There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

## COUNT I
## <u>VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))</u>
### *(Against all Defendants)*

58.    Plaintiff realleges the allegations set forth in paragraphs 1 through 57 inclusive.

59.    The above referenced acts constitute misrepresentations under Section 43(a) of the Lanham Act 15 U.S.C § 1125(a)(1)(A). Defendants' unauthorized use in commerce of the Infringing Mark, as alleged in this Complaint, constitutes false designation of origin.

60.    Defendants' unauthorized use in commerce of the Infringing Mark as alleged in this Complaint is likely to cause confusion as to the origin, source, sponsorship, or affiliation of Defendants' construction services and is likely to cause consumers to believe, contrary to fact, that Defendants' construction services are rendered, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

61.    Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

62.    Defendants David, Jennifer, and Scott actively participated in the above referenced infringing activities and controlled the infringing activities of Defendant Breakpoint.

63.    Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

64.    WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT II
## <u>VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. 1125(a)(1)(B))</u>
*(Against all Defendants)*

65.     Plaintiff realleges the allegations set forth in paragraphs 1 through 57 inclusive.

66.     The above referenced acts constitute false advertising under 15 U.S.C §

1125(a)(1)(B).

67.     In promotional material, such as in Defendants' site <www.agilecourtsllc.com>,

Defendants falsely represented that Defendant Breakpoint is the Agile Courts founded in the

1970s by the Bauer brothers and the entity that constructed over 6,500 courts as Agile Courts.

68.     In promotional material, such as in Defendants' site <www.agilecourtsllc.com>,

Defendants misattribute the reputation that Plaintiff has built in the construction field as Agile

Courts as their own.

69.     Defendants have misappropriated Plaintiff's design mark and slogan and use

them in their promotional material such as Facebook and LinkedIn.

70.     In promotional material, such as in Defendants' site <www.agilecourtsllc.com>,

Defendants misrepresent themselves as the source of the Agile Courts services that have been in

use since 1970s when it is Plaintiff that has been the source of Agile Courts services since the

1970s.

71.     Defendants have committed the foregoing acts with full knowledge of their

falsity and of the likelihood to mislead customers.

72.     Defendants' above-described false representations are intended to induce

customers to purchase their construction services offered under the Infringing Marks and are

widely disseminated through online websites and social media affecting interstate commerce.

73.     Defendants' deception through their false representations had a material effect on

11

purchasing decisions because the assertion that Defendants are the source of the products is likely to influence consumers' decisions based on presumed experience and reliability of the seller.

74.     Plaintiff has suffered damages, and is likely to continue suffering damages, as a result of Defendants' misrepresentation including the unfair diversion of customers and irreparable damage to the goodwill and reputation associated with Plaintiff's Marks.

75.     Unless enjoined, Defendants will continue to cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

76.     WHEREFORE, Plaintiff respectfully requests this Honorable Court award the following relief: permanently enjoining Defendants, their employees, agents, and all persons or entities in active concert or participation with any of them, from using, displaying, advertising that Defendants are the source of Plaintiff's Marks; award Plaintiff's damages and disgorgement of profits under 15 U.S.C. § 1117(a); treble damages under 15 USC 1117(a); award Plaintiffs reasonable attorney's fees and costs associated with bringing this action under 15 U.S.C. 1117; and any other relief this Court deems just and proper

## COUNT III
## COMMON LAW MARK INFRINGEMENT
*(Against all Defendants)*

77.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 57, inclusive.

78.     Defendants' above referenced conduct constitutes trademark infringement in violation of the common law of the State of Florida.

79.     The use and/or advertising of the Infringing Marks by Defendants is likely to cause confusion or mistake among consumers as to the source of Defendants' construction services with those of Plaintiff.

80.     Plaintiff, through its predecessors in interest, has used in commerce and in Florida Plaintiff's Marks for construction services prior to Defendants' adoption of the Infringing Marks.

81.     Defendants' deliberate and willful use and/or advertising of the Infringing Marks to identify the same, or related, construction services is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendants constitutes common law infringement of Plaintiff's Marks.

82.     WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION
*(Against all Defendants)*

83.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 57, inclusive.

84.     Defendants' above referenced conduct constitutes unfair competition in violation of the common law of the State of Florida.

85.     Plaintiff is active in the construction business and adopted the Plaintiff's Marks prior to Defendants' adoption of the Infringing Marks and has continuously used said marks in Florida and in commerce in the United States.

86.     By misappropriating and using the confusingly similar Infringing Marks, Defendants have falsely designated and falsely represented that the services they promote, advertise, offer for sale, and/or render are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff.

13

87.     WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT V
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
*(Against all Defendants)*

88.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 57, inclusive.

89.     This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201-501-2101 of the Florida Statutes.

90.     Defendants' conduct as alleged herein occurred in the conduct of trade and/or commerce.

91.     Defendants engaged in deceptive and unfair acts by engaging in trademark infringement by using confusingly similar trademarks for identical or highly related construction services as Plaintiff's Marks.

92.     Defendants engaged in deceptive and unfair acts by falsely representing in advertising and promotional material that Defendant Breakpoint is the same as the "Agile Courts" founded by the Bauer brothers and have built more than 6,500 courts.

93.     Defendants engaged in deceptive and unfair acts by misappropriating Plaintiff's design mark and slogan and using them in their promotional material.

94.     Defendants' infringing and unfair activity is likely to mislead consumers acting reasonably in the circumstances to the consumer's detriment. Defendants' conduct has had, and will continue to have, an adverse effect on Plaintiff and on members of the general public. As a direct and proximate result of Defendants' unfair trade practices, members of the general public are likely to mistakenly believe that Defendants' businesses, and the services provided by

14

Defendants, are approved or endorsed by, or otherwise provided by Plaintiff.

95. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, fraudulent, and in bad faith.

96. Plaintiff has been damaged by Defendants' unfair practices because Plaintiff and Defendants are competitors.

97. As a result of Defendants' unlawful conduct, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Marks and has suffered and will continue to suffer irreparable harm. Unless enjoined, Defendants will continue to violate FDUTPA, further injuring Plaintiff and confusing the public. Accordingly, Plaintiff is entitled to entry of injunctive relief.

98. Defendants' acts and practices as alleged herein offend public policy, are and were unethical, oppressive, and unscrupulous, and cause and have caused Plaintiff and consumers substantial and unavoidable injury. As a direct and proximate result of Defendants' unfair, unconscionable, and deceptive acts and practices, Plaintiff has sustained injury and damages.

99. WHEREFORE, Plaintiff requests judgment against Defendants including the entry of a permanent injunction and an award of damages, together with costs of suit, reasonable attorney's fees pursuant to Fla. Stat. §501.2105, punitive damages, and such other and further relief as the court may deem proper.

**COUNT VI**
**DEFAMATION**
*(Against Defendant Breakpoint and Defendant Scott)*

100. Plaintiffs reallege the allegations set forth in paragraphs 1 through 57, inclusive.

101. This is a claim for defamation under Florida law.

15

102. Defendants Breakpoint and Scott have published false and defamatory statements, including statements that: Bruce Bauer (Plaintiff's president) is a "thief" and "stealing from his dead brother's family;" Bauer's brother's family (meaning Defendants Scott, David, and Jennifer) were wrongfully terminated from Plaintiff; that Bauer redirected funds from Plaintiff, "left the business" and "continues to sell courts and work without a license." *See* Exhibit 9, corresponding to the email from Defendant Scott including the defamatory statements.

103. Defendants Breakpoint and Scott's false and defamatory statements were published via email to potential and current customers.

104. Defendants Breakpoint and Scott's defamatory statements constitute written publications that tend to injure Plaintiff's trade and profession.

105. Plaintiff is defamed by Defendants Breakpoint and Scott's defamatory communications towards its president Bruce Bauer because they also reflect discredit upon the methods by which Plaintiff conducts its business.

106. Defendants Breakpoint and Scott published the defamatory statements with knowledge that they were false and/or with reckless disregard as to their truth or falsity.

107. Defendants Breakpoint and Scott's defamatory statements were made to cause injury to Plaintiff by damaging Plaintiff's reputation in the sport court construction field with the intent to deter and divert customers from conducting business with Plaintiff to Defendant Breakpoint.

108. As a direct and proximate result of Defendants Breakpoint and Scott's defamatory statements, Plaintiff has suffered irreparable harm to the good reputation and goodwill it has built up in its business and in Plaintiff's Marks.

16

109.    WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant injunctive relief, compensatory damages, punitive damages, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated:  August 18, 2021                    Respectfully submitted,


*/s/ Christian Sanchelima*
Christian Sanchelima, Esq.
Florida Bar No.  107751
Email: chris@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone:  (305) 447-1617
Facsimile:  (305) 445-8484
*Attorneys for Plaintiff*

17

**VERIFICATION**

I, Nicholas Bauer , declare as follows:

I am a director of Agile Courts Construction Company, Inc., and I am authorized to make this verification on its behalf. I have read the foregoing VERIFIED COMPLAINT and I am familiar with its contents.  The matters stated therein are true to the best of my knowledge, information, and belief.

Executed on August 16th , 2021 at Miami, Florida.

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

Agile Courts Construction Company, Inc.,

By: *N. Bauer*

Name: Nicholas Bauer

Position: Vice President